## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ENERGY CONSUMPTION AUDITING SERVICES, LLC, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| vs. | ) ) |
| BRIGHTERGY, LLC, | ) ) |
| Defendant/Counterclaim Plaintiff, | ) ) ) |
| vs. | ) ) |
| KRISTINE CANADY, | ) ) |
| Counterclaim Defendant. | ) ) |

Case No. 13-2588-CM-KGG

## MEMORANDUM AND ORDER
## ON MOTION FOR LEAVE TO FILE AMENDED ANSWER

Now before the Court is the "Motion for Leave to File Amended Answer to Brightergy, LLC's Counterclaim and Third-Party Complaint Against SolarWorld Americas, LLC" filed by Plaintiff Energy Consumption Auditing Services, LLC (hereafter "ECAS") and Kristine Canady. (Doc. 41.) For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

The present matter derives from an independent contractor agreement that allowed ECAS to market, sell, and install the solar products of SolarWorld Americas.  ECAS entered into a contract with the City of North Kansas City ("NKC") to provide SolarWorld products.  ECAS alleges that Defendant Brightergy, a competing solar energy company, engaged in misconduct that deprived ECAS of certain benefits of its contract with NKC.  As a result, Plaintiff seeks injunctive relief "preventing [Brightergy] from interfering in any way with ECAS' performance of its contractual relationship with NKC . . . ."  (Doc. 1, at 10.)  ECAS also brings claims for tortious interference with contract, tortious interference with a prospective business relationship, unfair competition pursuant to the Lanham Act, business defamation, libel, and injurious falsehood.

Brightergy answered, raising certain affirmative defenses and generally denying ECAS's claims and bringing a counterclaim against ECAS as well as Kristine Canady, President of ECAS (collectively referred to as "Counterclaim Defendants").  (Doc. 5.)  Brightergy contends that Counterclaim Defendants made patently false, fraudulent, and defamatory representations to NKC about Brightergy.  Brightergy brings claims against Counterclaim Defendants for tortious interference with a prospective business relationship, common law unfair

2

competition, defamation, and injurious falsehood.

Plaintiff/Counterclaim Defendant ECAS previously and timely filed a Motion to Amend on May 9, 2014.  (Doc. 33.)  That motion sought leave to add two Brightergy employees as named party Defendants – John Sedlock, who ECAS believed to be the Director of Business Development for Brightergy, and Jason Aytes, who ECAS believed to be the Director of Sales and Finance for Brightergy. (*Id*.)  Although the Court granted that motion as unopposed on May 27, 2014 (Doc. 37, text entry), to date, some three and half months later, ECAS has not filed the amended pleading.  That Order instructed ECAS to file its amendment "forthwith." Although this language was inexact, it is obvious that "forthwith" does not mean three months later.  ECAS may not now file that previously requested amendment.

In the present motion, Counterclaim Defendants request leave to file an Amended Answer to Brightergy's Counterclaim that would also include a new, third-party indemnity claim against SolarWorld, which is currently not a party to this litigation.  (Doc. 41.)  The Scheduling Order contained a May 9, 2014, deadline to amend pleadings.  (Doc. 16, at 8.)  The present motion was not filed until July 11, 2014, thus Counterclaim Defendants must request to modify the Scheduling Order pursuant to Fed.R.Civ.P. 16(b) to allow them to bring their

motion out of time.  (Doc. 41.)

## DISCUSSION

A motion to modify the Scheduling Order is governed by Fed.R.Civ.P.

16(b)(4), which mandates that "[a] schedule may be modified only for good cause

and with the judge's consent."

> To establish 'good cause' the moving party must show
> that the scheduling order's deadline could not have been
> met with diligence. *Parker v. Central Kansas Medical
> Center*, 178 F.Supp.2d 1205, 1210 (D.Kan.2001);
> *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993).
> 'This rule gives trial courts 'wide latitude in entering
> scheduling orders,' and modifications to such orders are
> reviewed for abuse of discretion.' *In re Daviscourt*, 353
> B.R. 674, (B.A.P. 10th Cir.2006) (citing *Burks v. Okla.
> Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir.1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug.

12, 2010).  It is well-established in this District that motions to modify a

scheduling order focus "on the diligence of the party seeking to modify the

scheduling order." *Id*. (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D.

524, 528 (D.N.M.2007) (internal citations omitted)).

Counterclaim Defendants argue they should be allowed to amend out of time

because of "the discovery of new evidence unavailable at the time ECAS and

Canady filed their Answer to Brightergy's Counterclaim."  (*Id.*, at 3.)  The newly

4

discovered evidence advanced by Counterclaim Defendants came in response to a

third-party subpoena Brightergy served on NKC on April 10, 2014.  (Docs. 20,

24.)  Counterclaim Defendants contend that the documents, including minutes from

a North Kansas City council meeting of April 15, 2014, and certain e-mails,

> introduce new facts not previously known to ECAS that
> are relevant to ECAS's defenses to Brightergy's claims
> and raise a claim of indemnity against SolarWorld as
> they relate to purported statements made by SolarWorld
> to NKC regarding the validity and accuracy of NKC's
> estimated cost savings of SolarWorld products.

(Doc. 41, at 3.)

As an initial matter, the Court notes that Counterclaim Defendants contend

they received the documents at issue from NKC "on or about May 30, 2014."  (*Id.*,

at 5.)  Thus, although the subpoena was served before the Scheduling Order

amendment deadline of May 9, 2014 (Doc. 16, at 8), Counterclaim Defendants

contend they did not receive the documents produced by NKC in response to the

subpoena until after the deadline had expired.  Assuming the documents actually

contain previously unavailable or unknown evidence, as alleged by Counterclaim

Defendants, it would have been impossible for them to meet the May 9th deadline.

Even so, Counterclaim Defendants make no effort to discuss why their

motion to amend was not filed until July 11, 2014 – almost six weeks after they

received the documents from NKC.  Although Counterclaim Defendants may have

5

established good cause for failing to meet the Scheduling Order's deadline to
amend, the Court is not convinced they filed the present motion in a diligent
manner.

Further, Brightergy argues Counterclaim Defendants have failed to establish
the requisite "good cause" because, with or without the documents in question,
Counterclaim Defendants should have been aware "of the underlying basis for an
indemnity claim against SolarWorld" by January 24, 2014 – more than three and a
half months before the Scheduling Order deadline and almost six months before
the present motion was filed.  (Doc. 46, at 7.)  According to Brightergy,

> [f]rom the moment [it] asserted its counterclaim on
> December 20, 2013, Counterclaim Defendants were on
> notice that they faced potential liability for presenting
> grossly inaccurate cost-savings figures to NKC.  A few
> weeks later, when Counterclaim Defendants filed their
> Answer, they alleged *SolarWorld* provided the cost-
> savings figures and other calculations to NKC, not
> ECAS.

(*Id*. (emphasis in original).)  "[I]f Counterclaim Defendants believed SolarWorld
calculated and proved the cost-savings figures, which they clearly did when they
filed their Answer [on January 24, 2014], they could have easily asserted an
indemnity claim against SolarWorld by the May 9, 2014 deadline."  (*Id*., at 8.)

Counterclaim Defendants did not file a reply and, therefore, do not dispute
the veracity of this allegation, which the Court considers true for purposes of this

6

motion.  The present motion was not filed until two months after the Scheduling

Order deadline had expired.  Counterclaim Defendants should have been aware of

a potential indemnity claim approximately three and a half months before this

deadline expired and almost six months before the present motion was filed.  In

this context, the Court finds that Counterclaim Defendants have failed to

established the requisite good cause for filing their Motion to Amend out of time.

Brightergy also argues that, even assuming "good cause" as been

established, Counterclaim Defendants unduly delayed seeking the requested

amendment in violation of Fed.R.Civ.P. 15(a).  (Id., at 9.)  The Court agrees.

Fed.R.Civ.P. 15(a) provides, in pertinent part, that "a party may amend its pleading

only with the opposing party's written consent or the court's leave."  In the absence

of any apparent or declared reason, such as undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment, leave to amend should

be freely given, as required by the federal rule.  ***Foman v. Davis***, 371 U.S. 178,

182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Frank v. U.S. West, Inc., 3 F.3d

1357, 1365 (10th Cir.1993).

Based on the Court's analysis, *supra*, the Court agrees that Counterclaim

Defendants unduly delayed filing the present motion.  Counterclaim Defendants do

not explain why it took them almost six weeks after receiving the documents at issue to file the present motion.  The fact that the Scheduling Order's deadline to bring this motion had already expired makes this unexplained delay more troublesome.  Further, considering Brightergy's uncontroverted contention that Counterclaim Defendants were aware of a potential indemnity claim no later than January 2014, there is no explanation for an almost six month delay in bringing the present motion.  As such, Counterclaim Defendants' motion (Doc. 41) is **DENIED**.

**IT IS THEREFORE ORDERED** that Counterclaim Defendants' Motion for Leave to Amend (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 12th day of September, 2014.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge